HENRY LEDERER, petitioner,

v.

JUSTY LEDERER, defendant.

[Decided January 8th, 1924.]

1. The filing of an amended petition is but a continuation of the original petition, not the beginning of a new suit.

2. The separation of a wife from her husband while proceedings at his instance are pending against her does not constitute a willful desertion in contemplation of law.

3. A husband's desertion is not obstinate where the wife, who claims to have been deserted, testifies that she was through with her husband and had had enough of him, and she had not responded to his letters asking her to take him back, so that they might start all over again.

On petition for divorce.

*Messrs. Weinberger & Weinberger,* for the petitioner.

*Mr. John M. Bell,* for the defendant.

BENTLEY, V. C.

This is a petition for divorce filed by the husband, to which the defendant answered and filed a counter-claim.

At the conclusion of the proofs I indicated to counsel that I did not see how I could grant the prayer of the petitioner, because of the requirement of our statute that a desertion shall have existed for two years prior to the commencement of the suit.

The parties cohabited until some time in the month of July, 1920. The petitioner says the 5th and the defendant says about the middle or the 20th of the month. She was engaged in running a candy store in East Rutherford, and complained that she was receiving no assistance from him;

whereupon she engaged one Philip Schaub, who did most of the work around the place, and, he says, became too familiar with her. The defendant, who left his wife on other occasions and then came back, appears to have taken this as an excuse and disappeared from the home, never having returned thereto. This actual separation and desertion, if such it was, as I have said, occurred some time during the month of July, 1920. Therefore, under the case of *Koch* v. *Koch, 79 N. J. Eq. 24,* the cause of action did not arise until some time during the month of July, 1922, notwithstanding which the original petition shows that it was filed on August 23d, 1921, or almost eleven months before the statutory period had elapsed. Subsequently and after the expiration of that period an amended petition was filed, under date of July 18th, 1922. When I say after the completion of the statutory period I mean assuming that the date of the desertion alleged by the petitioner is correct. His counsel urged that the time should be calculated from the date of the desertion to the date of of the filing of the so-called amended petition.

With this I cannot agree. It is said in *Dan. Ch. Pr. & Pl. (6th Am. ed. \*402)*, after describing the amending of a bill of complaint:

"But although it is the practice to call a bill thus altered an amended bill, the amendment is in fact esteemed but a continuation of the original bill, and as forming a part of it; but both the original and amended bill constitute but one record; so much so that where an original bill is fully answered and amendments are afterwards made, to which the defendant does not answer, the whole record may be taken, *pro confesso*, generally, and an order to take the bill *pro confesso* as to the amendments only will be irregular."

To the same effect will be found the opinion in *Equitable Life Assurance Society* v. *Laird, 24 N. J. Eq. 319,* affirmed in *26 N. J. Eq. 531.* Of course, it requires no argument that the effect of amending a petition is precisely the same as amending a bill.

Even were this not so, the argument made by counsel would be of no avail to his client, because if the amendment were

the commencing of a new suit, *as it is not,* he would then be faced by the rule laid down in *Marsh* v. *Marsh, 14 N. J. Eq. 315; Chipchase* v. *Chipchase, 48 N. J. Eq. 549; Drayton* v. *Drayton, 54 N. J. Eq. 298,* and a number of other cases to the same effect, that the separation by a wife from her husband, while proceedings at his instance are pending against her, does not constitute a willful desertion in contemplation of law. In this case the original petition charged the defendant with adultery, and certainly her husband could not complain of her living apart from him from that time on; so that the running of the statute was stopped from August 23d, 1921, and no more time had elapsed for the purpose of this case at the time the amended petition was placed on file.

Nor do I see how any relief can consistently be given to the defendant on her counter-claim. She has testified to a state of facts, slenderly, but perhaps sufficiently, corroborated, which would entitle her to a decree were it not that her husband's desertion, assuming her story to be true, lacked the necessary quality of obstinacy. She testified that she was through with him, or had grown tired of him, or had had enough of him, or some such statement, and admitted that he had written her letters asking her to take him back, so that they might "start all over again." This being so, the separation of these parties was quite as agreeable to her as it was to him, and she certainly cannot now be heard to complain against it and ask the assistance of this court.

I will advise that both the petition and counter-claim be dismissed.